# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AZANIAH BLANKUMSEE, #326698 | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PWG-16-3436 |
| RICHARD J. GRAHAM, JR., and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents | * | |

## MEMORANDUM OPINION

Respondents move to dismiss Azaniah Blankumsee's Petition for Writ of Habeas as time-barred pursuant to 28 U.S.C. § 2244(d). Blankumsee was granted an opportunity to reply and has done so. After reviewing the parties' submissions, I find no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For reasons to follow, the Petition shall be denied and dismissed as time-barred.

## PROCEDURAL HISTORY

On December 3, 2004, a jury in the Circuit Court for Washington County, Maryland found Blankumsee guilty of felony murder, armed robbery, six counts of attempted second-degree murder, six counts of first-degree assault, handgun offenses, and other related offenses. State Ct. Docket Entries 13-39, ECF No. 8-1, *Blankumsee v. Maryland*, No. 2841, Sept. Term 2004, slip op. 1 (Md. Ct. Spec. App. Aug. 8, 2006) (unreported) ("*Blankumsee I*"), ECF No. 8-2. On February 16, 2005, the Circuit Court sentenced Blankumsee to life imprisonment on the felony murder conviction and concurrent 30 years sentences on each conviction for attempted second-degree

murder, and it declined to impose a sentence on the remaining counts based on principles of merger. *Id.*

On August 8, 2006, the Court of Special Appeals of Maryland, in an unreported opinion, vacated Blankumsee's felony murder conviction and sentence but affirmed his other convictions. *Blankumsee I*, slip op. 15. The mandate issued on November 20, 2006. *Id.* at 16. Blankumsee did not pursue further review of this decision. The State of Maryland, however, filed for certiorari review in the Court of Appeals of Maryland, which was denied on January 12, 2007. Order (Md. Jan. 12, 2007), ECF No. 8-3; State Ct. Docket Entries 48.

On February 9, 2007, the Circuit Court for Washington County sentenced Blankumsee on the counts on which it had declined previously to impose sentence. The court vacated the first-degree murder conviction, sentenced Blankumsee to 15 years on the armed robbery conviction and made his previous sentences all concurrent to the armed robbery conviction. All other counts with sentences remained as ordered previously. State Ct. Docket Entries 49. Blankumsee did not appeal the sentencing. *Id.* The judgment became final thirty days later on Monday, March 12, 2007. *See* Md. Rule 8-202 (requiring notice of appeal to be filed no later than 30 days after the entry of judgment in the circuit court).

On March 6, 2007, Blankumsee filed an application for panel review of his sentence; his application was denied on April 4, 2007. State Ct. Docket Entries 49. On March 26, 2007, Blankumsee filed a motion for reconsideration of sentence; his motion was denied on March 30, 2007. *Id.*

After April 4, 2007, no motions were pending or filed until March 16, 2009, when Blankumsee filed a motion for new trial; the Circuit Court for Washington County denied htat motion on March 25, 2009. *Blankumsee v. Maryland*, No. 1841, Sept. Term 2012, slip op. 1 (Md.

Ct. Spec. App. Nov. 17, 2014) ("*Blankumsee II*"), ECF No. 8-4; State Ct. Docket Entries 50. Blankumsee appealed, and on December 7, 2010, the Court of Special Appeals of Maryland issued an unreported opinion in which it construed Blankumsee's Motion for New Trial instead as a Petition for a Writ of Actual Innocence and remanded the case to the Circuit Court for Washington County to consider Blankumsee's motion accordingly. State Ct. Docket Entries 52; *Blankumsee II*, slip op. 1.

While the Court of Special Appeals was considering Blankumsee's appeal of the denial of his Motion for New Trial, Blankumsee filed, on October 2, 2009, in the Circuit Court for Washington County, a separate Petition for Actual Innocence. *Blankumsee II*, slip op. 2; State Ct. Docket Entries 50. The Circuit Court for Washington County denied that Petition on October 15, 2009. Blankumsee did not appeal the decision. State Ct. Docket Entries 50; *Blankumsee II*, slip op. 3

On September 9, 2012, after additional briefing, the Circuit Court for Washington County conducted a hearing on Blankumsee's 2009 original Motion for New Trial, treating it as a Petition for a Writ of Actual Innocence, pursuant to the Court of Special Appeals' mandate. *Blankumsee II*, slip op. 2. On September 18, 2012, the Circuit Court denied the Petition. State Ct. Docket Entries 54; *Blankumsee II*, slip op. 2. Blankumsee filed an appeal, which the Court of Special Appeals denied by unreported opinion on November 17, 2014. *Blankumsee II*, slip op. 3, 10. Blankumsee filed a Petition for a Writ of Certioriari, which the Court of Appeals denied on January 26, 2015. Order (Md. Jan. 26, 2015), ECF No. 8-5.

On February 13, 2015, Blankumsee filed a petition for state post-conviction relief. The Circuit Court denied post-conviction relief on January 23, 2017. Pet.'s Resp. 1, ECF No. 10 (listing date as January 20, 2017).[1]

On October 11, 2016, this Court received Blankumsee's federal habeas petition filed pursuant to 28 U.S.C. § 2254. ECF No. 1. Blankumsee dated and signed the Petition on September 25, 2016. *Id.* at 5. The Court deems the Petition filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988) (applying the "mail box rule" to § 2254 motions).

## ANALYSIS

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 549 (2011). The one-year period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).

The limitations may be statutorily or equitably tolled. The habeas statute provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). To be entitled to equitable tolling of the limitations period, a petitioner must establish that either some wrongful conduct by respondents contributed to the delay in filing his federal habeas corpus petition, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Any resort to equity "must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the

---

[1] *See* http://casesearch.courts.state.md.

party and gross injustice would result." *Id.; see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (equitable tolling limited to the extraordinary circumstance); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005) (recognizing that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way"). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Respondents argue that the Petition statutorily is time-barred because it was not presented for federal habeas corpus review within the one-year limitations period. Accordingly, the timeliness of the Petition must be resolved before the merits of the Petition may be considered. Under the facts discussed above, Blankumsee's judgment of conviction became final for direct appeal purposes on March 12, 2007. At the time Blankumsee's direct appeal became final, his motion for modification and application for panel review of his sentence were pending, but those requests were denied on March 30, 2007, and April 4, 2007, respectively. Almost two years passed after April 4, 2007 before Blankumsee filed for review by way of his Motion for a New Trial. Significantly, between April 4, 2007, and March 16, 2009, there were no proceedings pending in state court that statutorily tolled the limitations period under 28 U.S.C. § 2244(d).

Blankumsee argues that since 2005, he has tried in good faith to exhaust his state remedies. ECF 10 at 2-3. He asserts that his confusion about the timeliness of his federal petition is reasonable, and notes that under *Rhines v. Weber*, 544 U.S. 269 (2005), a habeas petitioner may ask a court to stay federal habeas proceedings for good cause. Pet.'s Resp. 1-2. Blankumsee, however, did not request a stay and abeyance or show good cause for such a stay. Moreover, he

provides no evidence of wrongful conduct by Respondents contributing to his delay in filing or that circumstances beyond his control caused the delay.

Blankumsee's professed "confusion" about the timeliness of his Petition is insufficient to apply equitable tolling. Blankumsee's *pro se* status and lack of knowledge of the law do not constitute extraordinary circumstances. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (applying 28 U.S.C. § 2255); *Cross–Bey v. Gammon*, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted); *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000) (ignorance of the law is not a rare and exceptional circumstance that warrants equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling). In sum, Blankumsee fails to demonstrate that he was prevented from filing his habeas petition because of extraordinary circumstances beyond his control. Accordingly, I find no grounds to apply equitable tolling and will dismiss this case as time-barred under 28 U.S.C. § 2244(d).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the *Rules Governing Proceedings under Section 2254* provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . ." And, "[i]f the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.*

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that...jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Slack*, 529 U.S. at 484. Blankumsee does not satisfy this standard. Thus, I decline to issue a certificate of appealability.

## CONCLUSION

For these reasons, the Petition will be dismissed by separate Order as time-barred and a Certificate of Appealability will not issue.

11/7/2019
Date

Paul W. Grimm
United States District Judge